# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Civil Action No. 1:11-CV-2163 |
| Plaintiff, | : | |
| v. | : | (Judge Conner) |
| | : | |
| **DECISIONS CHILD CARE CENTER, INC.,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

Presently before the court are motions to fix the fair market value of real property (Doc. 14), and for a default order granting the motion to fix fair market value (Doc. 15), filed by the United States of America. Defendant Decisions Child Care ("Decisions") has not responded to either motion. The court will grant the motions.

## I. Factual Background

On November 18, 2011, the United States filed a complaint in mortgage foreclosure against Decisions. In the complaint, the United States alleged that Decisions executed and delivered to the United States a promissory note in the amount of $900,000.00 at an interest rate of 4.25 percent, secured by a mortgage lien on property located at 2910 Brisban Street, Harrisburg, PA 17111 ("the Property"). The mortgage was duly recorded with the Office of the Recorder of Deeds for Dauphin County as instrument number 20070036120. On July 18, 2008, Decisions executed and delivered a second promissory note to the United States, in the amount of $250,000.00 plus 4.5 percent interest. This note was also secured by a mortgage on the Property, duly recorded as instrument number 20080027968.

Decisions defaulted in its loan obligations and the United States sought foreclosure. The United States moved for default judgment when Decisions failed to plead or otherwise defend against the complaint, and the court entered default judgment on March 9, 2012 (Doc. 9), in the amount of $1,376,080.49, plus interest at the rate of $140.35 per day from November 14, 2011 to the date of the sale of the property. The United States Marshall held a public sale on July 18, 2012, at which the United States purchased the property as judgment creditor for costs. The United States avers that it incurred costs in the amount of $3,985.00 in connection with the marshal's sale and execution of the judgment. By order dated August 22, 2012, the court confirmed the marshal's sale. The United States Marshall executed and delivered a deed to the United States, which has since been duly recorded as instrument number 201200273343.

On September 24, 2012, the United States filed a petition, pursuant to 42 Pa. Cons. Stat. § 8103(a), requesting the court to fix the fair market value of the Property at $420,000.00. Decisions has not responded to the United States' petition.

## II. Discussion

The Pennsylvania Deficiency Judgment Act states that

> Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold. . . .

2

42 Pa. Cons. Stat. § 8103(a).[1] As the United States correctly points out, the Deficiency Judgment Act applies to the instant matter by virtue of Federal Rule of Civil Procedure 69, which states that in proceedings on the execution of a money judgment, and in proceedings in aid thereof, the procedure to be applied is that of the state where the district court sits. FED. R. CIV. P. 69(a)(1); see also Jefferson Bank v. Blair, Civ. No. 96-4783, 1998 WL 437269, at *1 (E.D. Pa. July 30, 1998). Where, as here, the deficiency judgment proceeding is brought supplementary to an action *in rem*, the "deficiency judgment proceeding merely fixes the fair market value of the real property sold and does not impose personal liability on any respondent." Id. Moreover, if no answer is filed in response to the petition, the court "shall" fix the fair market value of the property as the amount alleged in the petition. 42 Pa. Cons. Stat. § 8103(c)(1). The United States asks the court to fix the fair market value of the property at $420,000.00. In support of this request, they provided the report of a certified real estate appraiser, who valued the property at $420,000.00. (Ex. I, Doc. 14-1 at 79). Decisions has not opposed the petition, and

---

[1] The court notes with interest that the Pennsylvania Superior Court held certain amendments to the Deficiency Judgment Act to be unconstitutional because the legislative enactment also included Megan's Law provisions, thereby violating the single-subject rule contained in Article III, § 3 of the Pennsylvania Constitution. Commonwealth v. Neiman, 5 A.3d 353 (Pa. Super. 2010). The Superior Court stayed its decision pending review by the Pennsylvania Supreme Court, No. 1747 MDA 2007, 2010 WL 5117667 (Pa. Super. Oct. 19, 2010), and the Supreme Court granted limited allocatur on August 10, 2011. 27 A.3d 984 (Pa. 2011). The Supreme Court heard oral argument on September 11, 2012, but has yet to issue its decision. See Neiman, No. 74 MAP 2011 (Pa. 2011). Accordingly, the Superior Court's stay remains in effect and the Neiman decision has no impact on the court's analysis in the instant matter.

3

therefore the court will grant the United States' petition to fix the fair market value of the property.

The United States has also requested credit for costs incurred in connection with the Marshall's sale.  Section 8103(c)(5) states that after the court determines the fair market value of the property sold, "the debtor *shall* be released and discharged of such liability to the judgment creditor to the extent of the fair market value of the [the property] . . . *less the amount* of all prior liens, *costs*, taxes and municipal claims not discharged by the sale. . ."  (emphasis added).  The United States avers that it incurred costs in the amount of $3,985.00 in conducting the marshal's sale of the property, and it is therefore entitled to a credit for those costs.

The petition and motion are both unopposed by Decisions, and the court will therefore grant the United States' requests.  The court will fix the fair market value of the property as $420,000.00, and credit the United State with costs in the amount of $3985.00.  An appropriate order will issue.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:      May 30, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | Civil Action No. 1:11-CV-2163 |
| v. | : | (Judge Conner) |
| **DECISIONS CHILD CARE CENTER, INC.**, | : | |

## ORDER

AND NOW, this 30th day of May, 2013, upon consideration of the motions to fix the fair market value of real property (Doc. 14), and for a default order granting the motion to fix fair market value (Doc. 15), filed by the United States of America, and for the reasons discussed in the accompanying memorandum, it is hereby ORDERED that:

1. The motions are GRANTED.

2. The fair market value of the property located at 2910 Brisban Street, Harrisburg, PA 17111, is fixed at $420,000.00.

3. The United States is hereby entitled to a credit for the costs of sale, in the amount of $3,985.00.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge